## WESTBROOK *vs.* CHAPMAN.

A gave note to B for one thousand dollars currency, and received from B an undertaking that the note, if paid in coin, should be valued at five hundred dollars. *Held*, The note could not be discharged by payment of five hundred dollars currency.

Such undertaking is a privilege extended to A who must exercise it according to its terms if he would enjoy its advantages. It is in the nature of a condition to be complied with, if availed of.

Error to Second Judicial District.

Opinion by DARWIN, Associate Justice.

The record produces the findings of the Court on the facts and on law. The plaintiff moved for a new trial on the ground that the legal findings were erroneous, and specified the clauses obnoxious to that charge.

The findings of the Court, acting as a jury, are, that the defendants, Chapman, made and delivered to the plaintiff, Westbrook, a note, in which they promised to pay one thousand dollars in currency, with interest and that immediately thereafter, Westbrook, plaintiff, made and delivered to defendants a paper of which the following is a copy:

"Received, April the 1st, 1865, from Trueman F. Chapman and Emery W. Chapman, their joint note for the sum of one thousand dollars, payable in U. S. currency, due one year from date, with interest, which note, if paid in coin, will be valued at five hundred dollars, with interest as therein stated.

J. J. WESTBROOK."

The question thereon was whether defendants could legally discharge the note by the payment of five hundred dollars in currency. The Court concluded that they could, and so adjudged, and that decision is brought here for review.

The only *indebtedness* is that of the one thousand dollar note. That indebtedness, both by its terms and the law of Congress, may be discharged by its amount in currency.

We can see a reason why the makers of the note should desire to be able to discharge it by five hundred coin dollars, and why the payee should consent thereto; but none why the payee should be willing to have it discharged by five hundred currency dollars, or by one-half its value.

But it is insisted that the makers of the note could substitute the five hundred coin dollars of the latter paper by five hundred currency dollars, in virtue of the law of Congress regarding legal tenders. We answer that the latter paper makes no promise; creates no obligation from the defendants to Westbrook for money of any kind, either coin or currency. Westbrook could not sue them on it. It is no debt, nor evidence of debt; it is no liability of money or other thing, and therefore does not fall within the law of Congress.

It is only a privilege extended by the plaintiff to the defendants, which they may enjoy or not, as they incline, but which they must exercise in its terms if they would enjoy the stipulated results.

He who would avail himself of the benefit of a condition of this sort must show compliance therewith. To suffer him to obtain the benefit without the compliance, would most clearly invade the constitutional provisions regarding the inviolability of contracts; nor would it receive any support from the reasonings which go in favor of the legal tender law. A law which practically declares that a debt payable in coin may be discharged in currency, or, in other words, that a *money obligation* may be paid in either of the three things whether gold, silver, or paper, which are established by law as money, is far from declaring that a condition, the performance of which operates the discharge of such a debt, may be made effective otherwise than as expressed in its terms.

It is claimed that the note was not the debt, but only a penalty or sum to be paid unless the smaller sum of $500, which was the real debt, were duly discharged.

There has been no finding to that effect, and there is nothing in the nature of the transaction, as presented in the record, to sanction such a conclusion.

The decision of the Court below is therefore reversed, and the plaintiff must have judgment on his one thousand dollar note with interest less what has been paid thereon. And plaintiff may have judgment in and execution from this Court.